**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| **TERRY HOBBS** | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | **CV NO.: 4-09-CV-0008BSM** |
| **NATALIE PASDAR, et al.,** | § | |
| **Defendants** | § | |

## AGREED PROTECTIVE ORDER

WHEREAS, the parties to this action recognize that certain information, documents, and things to be disclosed or subject to discovery contain confidential: (1) personal identifier information (social security number, driver's license number, financial account numbers; dates of birth; names of minor children; home addresses and telephone numbers) and (2) financial information and that discovery and disclosure of such confidential information should proceed upon the terms set forth in this Protective Order.

WHEREAS, such personal identifier information and financial information should not be released into the public domain, but rather should be treated as confidential pursuant to the Federal Rules of Civil Procedure and the privacy interests of the parties;

WHEREAS, the unnecessary disclosure or dissemination of such personal identifier information and financial information could cause irreparable harm to the owner of such information;

WHEREAS, the Court finds that entry of this Protective Order will facilitate disclosures and discovery in this case consistent with the Local Rules of this Court, the Federal Rules of Civil Procedure and the concerns of the parties regarding such personal identifier information and financial information;

**IT IS THEREFORE ORDERED THAT** the terms and conditions of this Protective Order shall govern initial disclosures, the production and handling of documents (in both electronic and hard copy form) and things, answers to interrogatories, responses to requests for admissions, depositions, inspections, pleadings, exhibits, expert reports and other information exchanged by the parties, or received from non parties in this action:

1. It is anticipated that discovery will be sought by the parties hereto, including with respect to third parties. In order to facilitate such discovery, this Protective Order shall govern the conduct of the parties in relation to all discovery conducted in this cause, including discovery sought from third parties.

2. "Personal Identifier Information" as used herein means social security numbers, driver's license numbers, financial account numbers; dates of birth; names of minor children; home addresses, and telephone numbers.

3. "Financial Information" as used herein means information which reflects net worth, financial means, income and losses, balance sheets, profits and losses, bank account balances, financial instruments and all such other sensitive financial matters.

4. "Confidential Information" as used herein means any: (1) Personal Identifier Information, and (2) Financial Information, which is designated as "Confidential" by the supplying party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in a mandatory disclosure, an interrogatory answer, admission or otherwise, and/or any Personal Identifier Information and/or Financial Information contained in or derived from any of the foregoing Confidential Information.

5. A party may designate all documents or other tangible materials and copies thereof as containing Confidential Information by marking each page containing Confidential Information:

"CONFIDENTIAL"

6. In lieu of marking the originals of documents as Confidential, the party may mark the copies that are produced or exchanged.

7. Material designated as "Confidential" shall be limited to documents and other tangible materials and copies thereof which contain information defined as Confidential Information.

8. Any third party from whom discovery is sought may designate Personal Identifier Information and/or Financial Information to be provided as Confidential Information as defined herein and the terms of this Protective Order shall fully apply to such material.

9. Nothing herein precludes anyone, including any third party from whom discovery is sought, from applying to the Court to seek other or further protection than as set out in this Protective Order.

10. All Confidential Information obtained by discovery, production or exchange in the course of this case shall be used by the party or parties obtaining same for purposes of this litigation only.

11. Personal Identifier Information, absent the written consent of the person identified, shall be redacted from any document, including disclosures, interrogatory answers, and any deposition transcript, before such document is made publically available or filed with the Court absent further order of this Court.

12. The party or person seeking to make disclosure of Confidential Information other than as permitted by this Protective Order shall bear the burden of establishing good cause for such disclosure.

13. Confidential Information disclosed at a deposition may be designated as Confidential by indicating so on the record at the deposition. A party may also designate Confidential Information disclosed at such deposition as Confidential by notifying all parties in writing, within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript which are so designated. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in his possession, custody or control. Unless otherwise designated before, all Personal Identifier Information and Financial Information contained in depositions shall be treated as Confidential Information for a period of at least twenty (20) days after a full and complete transcript of said deposition is available.

14. For Confidential Information produced on diskettes, magnetic or electronic media, and other non-paper methods, if any counsel shall print or otherwise create paper copies of material that contains Confidential Information, such counsel shall immediately redact such Confidential Information or mark such page containing Confidential Information with the appropriate "Confidential" stamp.

15. Any information designated as "Confidential" shall not be made available to anyone other than the party who produced the Confidential Information or the following "Qualified Persons:"

a. Any named party to this action or, in the case of a partnership, corporation or other business entity, its partners, managers, officers, directors, agents and/or employees who are assisting counsel of record in the conduct of this action, after said person executes a statement substantially in the form attached here as "Exhibit A;"

b. The attorneys at the following location, and employees of such counsel to whom it is necessary that the material be shown for the purposes of this litigation:

HILAND LAW FIRM
557 Locust Avenue
Conway, Arkansas 72034

FULBRIGHT & JAWORSKI, L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201

HUCKABAY, MUNSON, ROWLETT & MOORE, P.A.
Regions Center
400 W. Capital, Suite 1900
Little Rock, Arkansas 72201

THOMPSON, COE COUSINS & IRONS, LLP
700 North Pearl Street
Plaza of the Americas, Twenty-Fifth Floor
Dallas, Texas 75201-2832

c. Persons employed by a party or its attorneys of record solely for the purpose of assisting in preparation for trial, such as independent accountants, statisticians, economists, or other experts, whether consulting or testifying (any persons receiving any such Confidential Information shall be specifically instructed regarding this Protective Order and must agree in writing to comply with its terms);

d. Court personnel and any stenographic reporters engaged in this action;

e. Any other person who is designated as a "Qualified Person" by order of this Court or as the parties may agree upon;

f. Any other person with the prior written consent of the party designating the material Confidential; or

g. Any non-party witness who agrees to be bound by the provisions of this Agreement, unless objected to by the Disclosing Party.

16. No person allowed to view Confidential Information shall use any Confidential Information for any purpose except as needed solely in connection with or to assist in the prosecution or defense of claims between the parties hereto, and each person shall take all steps reasonably necessary to protect the confidentiality of the Confidential Information; provided,

however, the foregoing shall be without prejudice to, and shall not constitute a waiver of any right or claim a party may have arising from or relating to Confidential Information.

17. This Protective Order shall not be deemed a waiver of:

a. Any party's right to object to any discovery requests on any ground;

b. Any party's right to seek an order compelling discovery with respect to any discovery requests;

c. Any party's right in any proceeding herein to object to the admission of any evidence on any ground;

d. Any party's right to use its own documents and its own Confidential Information in its sole and complete discretion;

e. The status of any Qualified Person as a purely consulting expert who does not need to be identified, designated or otherwise disclosed.

18. The provisions of this Protective Order are designed for the sole purpose of facilitating discovery in the above-styled and numbered cause. Disclosure or use of Confidential Information at trial and in subsequent proceeding shall be governed by the terms of any order entered by the Court at the appropriate time.

19. In order to designate Confidential Information as "Confidential" a party must make such designation within thirty (30) days of the production and/or provision of such information by the party and/or a non-party.

20. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information as Confidential, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court. The alleged Confidential Information that is the subject of any such objection shall be treated pursuant to its

designated status until agreed otherwise, or until the objection is finally resolved by the Court, through order, writ or appeal. The party claiming information is Confidential shall bear the burden of proof that the information comes within the definition of Confidential Information as set forth herein. The party contesting the Confidential designation shall bear the burden of proof that there is good cause to disclose information coming within the definition of Confidential Information in a manner other than authorized by this Protective Order.

21. In the event that a party wishes to use any Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Confidential Information used therein shall be filed in a sealed envelope marked on the outside with the caption of this action and identification of each document within and a statement substantially similar to the following:

> "CONTAINS CONFIDENTIAL INFORMATION FILED UNDER AND PURSUANT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO COURT APPROVAL."

Neither the provisions of this Protective Order, nor the filing of any material under seal, shall prevent the use in open court, at any hearing or at trial of this case of any material that is subject to this Protective Order or filed under seal pursuant to its provisions.

22. Counsel of each party shall take reasonable precautions with regard to storage, custody and use to prevent the unauthorized or inadvertent disclosure of any Confidential Information.

23. The restrictions set forth in any of the preceding paragraphs, other than as to personal identifiers, shall not apply to:

a. Any information which at the time of the disclosure hereunder is available to the public;

b. Any information which after disclosure hereunder becomes available to the public through no act, or failure to act by the parties, counsel, experts or consultants in this case; and/or

c. Any information which counsel, experts or consultants for the receiving party can show (i) as a matter of written record was already known to the receiving party, its counsel, experts or consultants, from a source other than the party designating it as Confidential Material without any confidentiality constraints; (ii) as a matter of written record was independently developed by the receiving party, its counsel, experts or consultants, or (iii) was obtained from the disclosing party without having been designated as Confidential Material subject to the provisions of this Order, or any other confidentiality obligation.

24. During the course of this litigation, a Qualified Person may copy or utilize any Confidential Information that has been produced or exchanged so long as confidentiality is preserved.

25. Insofar as the provisions of this or any other protective order entered in this action restrict the communication and use of the Confidential Information produced thereunder, such orders shall continue to be binding after the conclusion of this litigation until expressly released by the party furnishing such Confidential Information except (a) that there shall be no restriction on what were exhibits in court (unless such exhibits were filed under seal) and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of such protective orders.

26. Unless otherwise agreed to by the party producing such Confidential Information, within sixty (60) days of the final determination of this action, each party shall return all Confidential Information in its possession or control, and all copies, derivations and summaries thereof, to the party who furnished it, except that counsel would be allowed to retain material filed with the Court. The terms "derivations and summaries thereof" in the preceding sentence shall not apply to attorney work product or documents created by attorneys for their use in the litigation, which can remain in the files of such attorneys, subject to the continuing non-

disclosure requirements of this Order. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of: (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits for the filing of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or application for extension of time pursuant to applicable law.

27. If any party who has received Confidential Information under this Protective Order is requested or directed to produce Confidential Information pursuant to subpoena, document request, or otherwise, such party shall promptly provide a copy of the subpoena or request to the party who made the confidentiality designation so that the party who made the confidentiality designation has a reasonable opportunity to respond. No party shall voluntarily produce Confidential Information, but rather will lodge an appropriate objection that the materials and information are subject to a Protective Order, among other things, and are therefore not in such party's possession, custody or control within the meaning of the Federal Rules of Civil Procedure, but rather are in all things subject to the terms of this Order and the direction of this Court.

28. Nothing herein shall prevent any party or person from seeking further, greater or lesser protection with respect to the use of any Confidential Information in connection with this action, and the provisions of this Protective Order may be modified or amended by written consent of the parties or by order of the Court for good cause shown.

29. Nothing in this Protective Order shall bar or otherwise prevent any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, from

relying upon his/her examination or knowledge of Confidential Information in giving advice or otherwise representing his/her client; provided, however, that in rendering such advice and in otherwise communicating with his/her client, such attorney shall not disclose the specific contents or source of any Confidential Information produced by another party herein to any person who is not authorized to receive such information under the provisions of this Order.

So **ORDERED** this 26th day of February, 2009.

UNITED STATES DISTRICT JUDGE

**AGREED TO AS TO FORM AND SUBSTANCE:**

HILAND LAW FIRM

/s/ J. Cody Hiland
J. Cody Hiland
State Bar No. 2002041
557 Locust Avenue
Conway, Arkansas 72034
Telephone: 501/932-1007
Facsimile: 501/336-8688

**ATTORNEY FOR THE PLAINTIFF**

FULBRIGHT & JAWORSKI, L.L.P.

/s/ Dan D. Davison
Dan D. Davison
Pro Hac Vice
D'Lesli M. Davis
Pro Hac Vice
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: 214/855-8000
Facsimile: 214/855-8200

HUCKABAY, MUNSON, ROWLETT & MOORE, P.A.

/s/ John E. Moore
John E. Moore
State Bar No. 82111
Regions Center
400 W. Capital, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 374-6536
Facsimile: (501) 374-5906

**ATTORNEYS FOR DEFENDANT, NATALIE PASDAR, Individually, and NATALIE PASDAR d/b/a DIXIE CHICKS**

THOMPSON, COE COUSINS & IRONS, LLP

/s/ Robert B. Wellenberger
Robert B. Wellenberger
700 North Pearl Street
Plaza of the Americas, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: 214/871-8257
Facsimile: 214/871-8209

**ATTORNEY FOR THE DEFENDANTS, EMILY ROBISON and MARTHA SEIDEL d/b/a DIXIE CHICKS**