IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF ARKANSAS
WESTERN DIVISION

TERRY HOBBS

    Plaintiff,

v.                                             Case No. 4:09CV00008 BSM

NATALIE PASDAR, Individually, and
NATALIE PASDAR,
EMILY ROBISON, and
MARTHA MAGUIRE (formerly SEIDEL) d/b/a DIXIE
CHICKS,

    Defendants.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Terry Hobbs, pursuant to Federal Rules of Civil Procedure Rule 56, for his Motion for Summary Judgment respectfully states:

1. On November 25, 2008, Plaintiff Terry Hobbs filed a complaint alleging among other things, that certain statements which appeared in a letter written by Natalie Pasdar of the Dixie Chicks and posted on the Dixie Chicks' web page contained false and defamatory statements about Plaintiff.

2. January 7, 2009, Defendants Natalie Pasdar, individually and Natalie Pasdar, Emily Robison and Martha Seidel[1] d/b/a the Dixie Chicks, filed a Notice of Removal, attached to which was their Answer filed in Pulaski County Circuit Court. Defendants alleged diversity of citizenship as the basis for this Court's jurisdiction.

3. In Paragraph 37 of their Answer, Defendants allege that Plaintiff is a "public

---

[1] Counsel for Plaintiff has been advised that the person referred to as Martha Seidel in the Complaint, Notice of Removal and Answer filed by the Defendants, has divorced and is correctly identified as Martha Maguire.

1

figure" as that term is used in the law of defamation

4. The determination of Plaintiff's status as a private or public figure is a question of federal constitution law. *Lundell Manufacturing Co. v. ABC*, 98 F. 3d 351 (8th Cir. 1996).

5. The Court must determine whether the plaintiff was a public figure *at the time that the defamatory statement was published.* (emphasis added). *Brown v. Herald Co., Inc.*, 698 F.2d 949 (8th Cir. 1983); *Rebozo v. Washington Post Co.*, 637 F.2d 375 (5th Cir. 1981). The defendant has the burden of proof with respect to whether a plaintiff is a public figure. *Wells v. Liddy*, 186 F. 3d 505 (4th Cir. 1999).

6. As stated in the Brief in Support of Motion for Partial Summary Judgment, generally speaking, a public figure plaintiff must prove "actual malice" to recover compensatory damages, and a private figure plaintiff must only show that the defendant was negligence with respect to the falsity of the alleged defamatory statement.

7. On June 25, 2009, Plaintiff filed a motion for partial summary judgment with respect to defendant's claim that her statements were a fair report of a legal proceeding, and therefore privileged. Plaintiff's factual basis for claiming that defendant was negligent with respect to the publication of false statements about Plaintiff are those facts stated in Plaintiffs motion, which also demonstrate that the fair report privilege is inapplicable in this case. Defendant Natalie Maines Pasdar claimed to have researched what had been filed on behalf of Mr. Echols, when in fact she had not bothered to read what Echols actually filed, and her description of what was filed contained omissions and inaccuracies. A finding by this Court that Plaintiff cannot recover compensatory damages for a reckless false accusation that Terry Hobbs killed three little boys would

2

not be justice in this case. Plaintiff incorporates the motion for partial summary judgment and brief in support filed in this case on June 25, 2009 by reference as if set out word for word so that the Court is aware of evidence that shows negligence on the part of Ms. Pasdar while determining the appropriate burden of proof in this case.

8. The parties have entered into 4 stipulations which have been filed with the Court. Stipulation Nos. 1, 3, and 4 contain, among other things, news articles from various sources related to this case.

9. Attached hereto is Statement of Material Issues as to Which There is No Genuine Issue to be Tried.

WHEREFORE, for the reasons stated herein and stated in more detail in the Plaintiff's Brief in Support of Motion for Partial Summary Judgment, Plaintiff respectfully requests that the Court find that because Plaintiff Terry Hobbs is not a public figure, then he does not have to meet the higher burden of proof required by *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710 (1964).

RESPECTFULLY SUBMITTED this the 20 day of July, 2009.

**TERRY HOBBS**

BY: /s/ J. Cody Hiland
J. CODY HILAND, Bar No. 2002041
Attorney for Plaintiff
557 Locust Ave.
Conway, AR 72034
Phone: (501) 932-1007
Fax: (501) 336-8688
Email: chilandlaw@alltel.net

# CERTIFICATE OF SERVICE

    I hereby certify that I have caused the foregoing to be served in compliance with the Federal Rules of Civil Procedure on the following persons on this 20 day of July 2009:

Mr. John E. Moore
Huckabay, Munson, Rowlett and Moore
Regions Center
400 W. Capitol, Suite 1900
Little Rock, AR 72201

Mr. Dan D. Davison
Ms. D'Lesli M. Davis
Fulbright & Jaworski L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784

Robert B. Wellenberger
Thompson, Coe, Cousins & Irons, L.L.P.
700 North Pearl Street, Twenty-fifth Floor
Dallas, Texas 75201-2825

                                                  /s/ J. Cody Hiland
                                                  **J. CODY HILAND**