IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY HOBBS, | § | |
| Plaintiff, | § § § | |
| vs. | § | Case No. 4:09 CV00008 BSM |
| NATALIE PASDAR, *et al.*, | § § § | |
| Defendants. | § § | |

## DEFENDANT NATALIE PASDAR'S FIRST AMENDED ANSWER

Defendant Natalie Pasdar ("Pasdar") responds and files her First Amended Answer to Plaintiff Terry Hobbs' ("Hobbs") November 25, 2008 Complaint ("Hobbs Complaint") and for same would show as follows:

### I.

### ANSWER

### Jurisdiction

1. Based on information and belief, Pasdar admits the factual allegations contained in paragraph 1 of Hobbs' Complaint.

2. Based on information and belief, Pasdar admits the allegations in paragraph 2 of Hobbs' Complaint.

3. Pasdar denies the factual allegations in paragraph 3 of Hobbs' Complaint. Ms. Pasdar is a citizen of the State of California.

4. Based on information and belief, Pasdar admits the factual allegations contained in paragraph 4 of Hobbs' Complaint.

---

DEFENDANT NATALIE PASDAR'S FIRST AMENDED ANSWER

85248459.1

PAGE 1



5. Based on information and belief, Pasdar admits the factual allegations contained in paragraph 5 of Hobbs' Complaint.

6. Pasdar denies the allegations contained in paragraph 6 of the Complaint, and denies that the Circuit Court of Pulaski County, Arkansas has jurisdiction in this matter because Pasdar has properly removed this matter to the United States District Court for the Eastern District of Arkansas, Western Division.

## Factual Allegations

7. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 7 of Hobbs' Complaint.

8. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 8 of Hobbs' Complaint.

9. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 9 of Hobbs' Complaint.

10. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 10 of Hobbs' Complaint.

11. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 11 of Hobbs' Complaint.

12. Upon information and belief, Pasdar admits that a retrial or reversal of the convictions has not yet been obtained based upon the new evidence.

13. Upon information and belief, Pasdar admits the factual allegations contained in paragraph 13 of Hobbs' Complaint.

14. Pasdar denies the factual allegations contained in paragraph 14 of Hobbs' Complaint.

15. Pasdar denies the factual allegations contained in paragraph 15 of Hobbs' Complaint.

16. Pasdar denies that she made any libelous, slanderous or false statements. Pasdar does not possess sufficient information to admit or deny the remaining facts and allegations in paragraph 16 of Hobbs' Complaint and therefore denies same.

17. Pasdar admits that she spoke at a rally in Little Rock, Arkansas on December 19, 2007. Pasdar denies the remaining factual allegations contained in paragraph 17 of Hobbs' Complaint.

18. Pasdar does not possess sufficient information to admit or deny the factual allegations contained in paragraph 18 of Hobbs' Complaint and therefore denies same.

19. Pasdar denies the factual allegations contained in paragraph 19 of Hobbs' Complaint.

### Defamation/Libel

20. To the extent not inconsistent, Pasdar incorporates her responses to paragraphs 1 through 19 above the same as if set forth at length.

21. Pasdar denies the factual allegations contained in paragraph 21 of Hobbs' Complaint.

### Intentional Infliction of Emotional Distress/Outrageous Conduct

22. To the extent not inconsistent, Pasdar incorporates her responses to paragraphs 1 through 21 above the same as if set forth at length.

23. Pasdar denies the factual allegations contained in paragraph 23 of Hobbs' Complaint.

### False Light Invasion of Privacy

24. To the extent not inconsistent, Pasdar incorporates her responses to paragraphs 1 through 23 above the same as if set forth at length.

25. Pasdar denies the factual allegations contained in paragraph 25 of Hobbs' Complaint.

26. Pasdar denies the factual allegations contained in paragraph 26 of Hobbs' Complaint.

27. Pasdar denies the factual allegations contained in paragraph 27 of Hobbs' Complaint.

### Damages

28. To the extent not inconsistent, Pasdar incorporates her responses to paragraphs 1 through 27 above the same as if set forth at length.

29. Pasdar denies the factual allegations contained in paragraph 29 of Hobbs' Complaint.

30. Pasdar denies the factual allegations contained in paragraph 30 of Hobbs' Complaint.

31. Pasdar denies the factual allegations contained in paragraph 31 of Hobbs' Complaint.

32. Pasdar denies that Hobbs is entitled to any of the relief requested in his prayer for relief.

33. To the extent not expressly admitted, Pasdar denies all paragraphs and allegations not specifically admitted herein above.

## II.

## SEPARATE AND ADDITIONAL DEFENSES

34. Pasdar is not liable in the capacity in which she is sued.

35. Hobbs has failed to state a claim upon which relief can be granted to the extent Hobbs brings claims for libel, libel *per se*, defamation, intentional infliction of emotional distress and outrageous conduct, false light invasion of privacy, and punitive damages.

36. Hobbs' claims are barred because Pasdar was fully and/or conditionally justified and/or privileged to make the subject statements and take the subject action.

37. Specifically, the allegedly defamatory statements and any statements related thereto, are privileged and/or excused pursuant to Article I, § 19 of the Constitution of the State of Tennessee, Article II, § 6 of the Constitution of Arkansas, the First Amendment of the United States Constitution, Arkansas Code Annotated §§ 16-63-501 to -507 and at common law.

38. Pasdar's statements were privileged, as they constituted protected comment on matters of public interest, and/or were a fair report on an official proceeding.

39. Pasdar's actions were legally justified because they constituted a bona fide exercise of her Constitutional and First Amendment rights.

40. Pasdar's statements were comments made about a public controversy and/or issue of public concern.

41. Hobbs is a public figure.

42. Pasdar's statements were published without actual malice, negligence, and/or any other degree of fault required by the First and Fourteenth Amendments to the United States Constitution, Article I, § 19 of the Constitution of the State of Tennessee, Article II, § 6 of the Constitution of Arkansas, and Tennessee or Arkansas common law.

43. Punitive damages are unconstitutional under the First and Fourteenth Amendments to the United States Constitution, Article I, § 19 of the Constitution of the State of Tennessee and Article II, § 6 of the Constitution of Arkansas. The statements complained of by the Hobbs were published in good faith without any sort of malice or any other degree of fault required by the First and Fourteenth Amendments to the United States Constitution, Article I, § 19 of the Constitution of the State of Tennessee, Article II, § 6 of the Constitution of Arkansas, Arkansas Code Annotated § 16-55-206, and Tennessee or Arkansas common law. Accordingly, said matters cannot provide a basis for a claim of punitive damages.

44. Hobbs is not entitled to punitive damages because he has not pled and cannot show the requisite elements for a punitive damage award.

45. Hobbs' claims are barred because the statements complained of and/or the gist of those statements are true and/or substantially true.

46. Hobbs cannot show that Pasdar knew or should have known any statement made was false.

47. Hobbs cannot show that Pasdar's statements were false.

48. Hobbs cannot show that the content of any statement made by Pasdar was foreseeably defamatory.

49. Hobbs cannot show that Pasdar's statements are of and concerning him.

50. The allegedly defamatory statements are expressions of opinion, statements incapable of being proven true or false, statements which do not refer to Hobbs, statements incapable of defamatory meaning and/or statements made in good faith.

51. As set forth fully in Pasdar's briefing with this Court, and re-asserted herein, Tennessee law applies to this case, and Hobbs' slander claims related to Pasdar's remarks at a rally in Little Rock, Arkansas, are barred by Tennessee's statute of limitations.

52. Hobbs is libel-proof and/or cannot show that he suffered any actual injury as a direct and/or proximate cause and/or as a result of any statement made by Pasdar.

53. Pasdar affirmatively pleads entitlement to all defenses and relief available to her under Arkansas Code Annotated §§ 16-63-501 to -507 and the Arkansas Civil Justice Reform Act, Act 649 of 2003.

III

## JURY DEMAND

Pasdar requests a trial by jury on all matters to the full extent allowed by law.

WHEREFORE, Defendant Natalie Pasdar, individually, and Natalie Pasdar d/b/a the Dixie Chicks, respectfully requests that Hobbs take nothing by reason of this suit, that Pasdar recover her attorneys' fees and costs, and for such other and further relief, both in law and at

equity, to which Pasdar may show that she is justly entitled.

Dated: October ____, 2009

Respectfully submitted,

_____
Dan D. Davison
Lead Attorney
Pro Hac Vice
ddavison@fulbright.com
D'Lesli Davis
Pro Hac Vice
ddavis@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

John E. Moore
State Bar No. 82111
john.moore@hmrmlaw.com

HUCKABAY MUNSON, ROWLETT & MOORE P.A.
Regions Center
400 W. Capital, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 374-6535
Facsimile: (501) 374-5906

COUNSEL FOR DEFENDANT,
NATALIE PASDAR, Individually, and
NATALIE PASDAR d/b/a DIXIE CHICKS.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this _____ day of October, 2009.

| J. Cody Hiland<br>HILAND LAW FIRM<br>609 Locust Avenue<br>Conway, Arkansas 72034 | Bob Wellenberger<br>THOMPSON, COE, COUSINS & IRONS, L.L.P.<br>700 North Pearl Street<br>Plaza of the Americas, Twenty-Fifth Floor<br>Dallas, Texas 75201-2832 |
|---|---|

_____
Dan D. Davison