# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERRY HOBBS     PLAINTIFF

vs.     NO: 4-09-CV-008 BSM

NATALIE PASDAR, ET AL.     DEFENDANTS

---

**FIRST AMENDED ANSWER OF
MARTHA MAGUIRE AND EMILY ROBISON D/B/A DIXIE CHICKS**

---

Defendants Martha Maguire, and Emily Robison (collectively "Dixie Chicks"), for their First Amended Answer to the Complaint filed herein against them in their capacity as d/b/a Dixie Chicks by Plaintiff Terry Hobbs ("Hobbs"), state:

## I.
## ANSWER

### Jurisdiction

1. Dixie Chicks admit the factual allegations contained in paragraph 1 of the Complaint.

2. Dixie Chicks admit the factual allegations in paragraph 2 of the Complaint.

3. Dixie Chicks deny the factual allegations in paragraph 3 of the Complaint. Ms. Pasdar is a citizen of the State of California.

4. Dixie Chicks admit the factual allegations contained in paragraph 4 of the Complaint.

5. Dixie Chicks admit the factual allegations contained in paragraph 5 of the Complaint.

6. Dixie Chicks deny the factual allegations contained in paragraph 6 of the Complaint, and deny that the Circuit Court of Pulaski County, Arkansas, has jurisdiction in this case because this case was properly removed to the United States District Court for the Eastern District of Arkansas, Western Division, and such removal divests the Circuit Court of Pulaski County, Arkansas, of jurisdiction over this case.

**Factual Allegations**

7. Dixie Chicks admit the factual allegations contained in paragraph 7 of the Complaint.

8. Dixie Chicks admit the factual allegations contained in paragraph 8 of the Complaint, except they deny the bodies of Steven Branch, Michael Moore and Christopher Byers were officially reported as discovered on May 5, 1993.

9. Upon information and belief, Dixie Chicks admit the factual allegations contained in paragraph 9 of the Complaint.

10. Dixie Chicks admit the factual allegations contained in paragraph 10 of the Complaint.

11. Dixie Chicks admit the factual allegations contained in paragraph 11 of the Complaint.

12. Dixie Chicks admit that the factual allegations contained in paragraph 12 of the Complaint were true when made and continue to be true as of the date of this Amended Answer.

13. Dixie Chicks admit the factual allegations contained in paragraph 13 of the Complaint.

14. Dixie Chicks deny the factual allegations contained in paragraph 14 of the Complaint, and deny that any statement made or published by Ms. Pasdar that is the subject of

this case was made by Ms. Pasdar in her capacity as d/b/a Dixie Chicks or in furtherance of the business of the Dixie Chicks.

15.     Dixie Chicks deny the factual allegations contained in paragraph 15 of the Complaint.

16.     Dixie Chicks deny Pasdar made any libelous, slanderous or false statements. Dixie Chicks do not possess sufficient information to admit or deny the remaining facts and allegations in paragraph 16 of the Complaint and therefore deny same.

17.     Dixie Chicks admit that Ms. Pasdar spoke at a rally in Little Rock, Arkansas, on December 19, 2007, but deny that she did so in her capacity as d/b/a Dixie Chicks or in furtherance of the business of the Dixie Chicks. Dixie Chicks deny the remaining factual allegations contained in paragraph 17 of the Complaint.

18.     Dixie Chicks do not possess sufficient information to admit or deny the factual allegations contained in paragraph 18 of the Complaint and therefore deny same.

19.     Dixie Chicks deny the factual allegations contained in paragraph 19 of the Complaint.

### Defamation/Libel

20.     Dixie Chicks incorporate their responses to paragraphs 1 through 19 above the same as if set forth at length as their response to paragraph 20 of the Complaint.

21.     Dixie Chicks deny the factual allegations contained in paragraph 21 of the Complaint.

### Intentional Infliction of Emotional Distress/Outrageous Conduct

22.     Dixie Chicks incorporate their responses to paragraphs 1 through 21 above the same as if set forth at length as their response to paragraph 22 of the Complaint.

23. Dixie Chicks deny the factual allegations contained in paragraph 23 of the Complaint.

## False Light Invasion of Privacy

24. Dixie Chicks incorporate their responses to paragraphs 1 through 23 above the same as if set forth at length as their response to paragraph 24 of the Complaint.

25. Dixie Chicks deny the factual allegations contained in paragraph 25 of the Complaint.

26. Dixie Chicks deny the factual allegations contained in paragraph 26 of the Complaint.

27. Dixie Chicks deny the factual allegations contained in paragraph 27 of the Complaint.

## Damages

28. Dixie Chicks incorporate their responses to paragraphs 1 through 27 above the same as if set forth at length as their response to paragraph 27 of the Complaint.

29. Dixie Chicks deny the factual allegations contained in paragraph 29 of the Complaint.

30. Dixie Chicks deny the factual allegations contained in paragraph 30 of the Complaint.

31. Dixie Chicks deny the factual allegations contained in paragraph 31 of the Complaint.

32. Dixie Chicks deny that Hobbs is entitled to any of the relief requested in his prayer for relief.

33. Dixie Chicks deny each and every allegation of the Complaint not specifically admitted in this Amended Answer.

## II.
## SEPARATE AND ADDITIONAL DEFENSES

34. The Complaint fails to state a claim upon which relief can be granted.

35. Dixie Chicks are not liable in the capacity in which they are sued. The statements and conduct complained of were not a part of or in furtherance of the business of the Dixie Chicks.

36. To the extent Hobbs complains the Dixie Chicks are liable as the publisher of Pasdar's statements on the Dixie Chicks' website and/or My Space site, such claims are barred by 47 U.S.C. § 230(c)(1).

37. Hobbs' claims are barred because the conduct and statements complained of constituted protected comment and action. Such conduct and statements were in furtherance of the right of free speech and/or the right to petition government for the redress of grievances on matters of public interest and concern involving an ongoing judicial proceeding, as well as government action and inaction. As such, the conduct and statements complained of were protected, justified, privileged and/or excused pursuant to the Constitutions of the United States, Tennessee, and/or Arkansas, as well as by Ark. Stat. Ann. §§ 16-63-501 to -507 and the applicable common law, including the fair report privilege.

38. The statements complained of were comments made about a public controversy and/or issue of public concern in which Hobbs is inextricably intertwined and as to which Hobbs is a public figure.

39. The statements complained of were published in good faith without actual malice, negligence, and/or any other degree of fault required by applicable law and do not provide a basis for an award of actual or punitive damages in light of the protections afforded by the Constitutions of the United States, Tennessee, and Arkansas, as well as the privileges,

immunities and limitations provided by Ark. Stat. Ann. §§ 16-55-206 and 16-63-504 and the applicable common law.

40. Hobbs' claims are barred because the statements complained of and/or the gist of those statements are true and/or substantially true.

41. The conduct and statements complained of are expressions of opinion, statements incapable of being proven true or false, statements which do not refer to Hobbs, statements incapable of defamatory meaning and/or statements made in good faith.

42. Hobbs' slander claims related to Pasdar's remarks at a rally in Little Rock, Arkansas, are barred by Tenn. Code Ann. § 28-3-103, which provides: "Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered."

43. Hobbs is libel-proof and/or cannot show that he suffered any actual injury as a direct and/or proximate cause and/or as a result of any conduct or statement about which he complains.

44. Dixie Chicks affirmatively plead entitlement to all defenses and relief available to them under Ark. Stat. Ann. §§ 16-63-501 to -507, the Arkansas Civil Justice Reform Act, Act 649 of 2003, and 47 U.S.C. § 230.

## III.
## JURY DEMAND

45. Dixie Chicks request a trial by jury on all matters to the full extent allowed by law.

WHEREFORE, Defendants Martha Maguire and Emily Robison d/b/a the Dixie Chicks respectfully request that Hobbs take nothing by reason of this suit, that they recover their attorneys' fees and costs, and for such other and further relief, both in law and at equity, to which they may show themselves entitled.

Dated: October ___, 2009.

                                      Respectfully Submitted,

                                      _____
                                      Robert B. Wellenberger
                                      Texas Bar No. 21135200

                                      Thompson, Coe, Cousins & Irons, L.L.P.
                                      700 North Pearl Street, Twenty-fifth Floor
                                      Dallas, Texas  75201-2825
                                      Telephone:    (214) 871-8200
                                      Facsimile:     (214) 871-8209
                                      e-mail: bwellenberger@thompsoncoe.com

                                      **Attorney For Defendants Martha Maguire,**
                                      **Emily Robison d/b/a The Dixie Chicks**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel using the CM/ECF system on October ___, 2009.

                                      _____
                                      Robert B. Wellenberger