IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TERRY HOBBS, | § | |
| Plaintiff, | § § § | |
| v. | § | CV NO.: 4-09-CV-0008BSM |
| NATALIE PASDAR, *et al.*, | § § § | |
| Defendants. | § | |

**DEFENDANT NATALIE PASDAR'S UNOPPOSED
MOTION TO STAY AND BRIEF IN SUPPORT THEREOF**

Natalie Pasdar ("Pasdar") files her UNOPPOSED MOTION TO STAY AND BRIEF IN SUPPORT THEREOF, and for same would respectfully show the Court as follows:

## I.
## SUMMARY

All parties have previously filed motions for summary judgment (some partial and others full), which have been fully briefed and are awaiting a ruling by the Court. If Defendants' motion is granted in whole or in part, it would dispose of all issues before the Court and result in a final judgment. If Plaintiff's motions are granted (or denied) they would likely result in the narrowing of issues necessary to be determined at trial and either require or do away with the need for certain expert testimony. While the fact discovery period closed yesterday, the parties have – depending on the summary judgment rulings – significant expert discovery which remains to be completed together with all of the pre-trial work required in connection with the current February 8, 2010 trial setting.[1] In light of the pending motions, Pasdar respectfully requests (and Hobbs does not oppose) that the Court exercise its discretion and stay all

---

[1] The Parties have previously stipulated that the deadline for expert disclosures and discovery is extended until December 15, 2009.

proceedings until its ruling on the dispositive motions, including her Motion for Summary Judgment ("Pasdar MSJ"). Once the summary judgment motions are ruled upon, the parties and the Court can determine which, if any, issues remain and set a prompt and efficient schedule for the remainder of the case.

## II.
## PROCEDURAL HISTORY

On November 25, 2008, Terry Hobbs ("Hobbs") filed suit asserting causes of action for defamation, false light and outrage. Since then, Pasdar has been diligently conducting discovery. Pasdar's discovery efforts have included, without limitation: (a) obtaining sworn declarations from at least fourteen witnesses; (b) deposing numerous witnesses; (c) gathering, analyzing and obtaining stipulations for over four hundred news articles, transcripts, websites and blogs; (d) serving and responding to written discovery; (e) analyzing documentary evidence and otherwise preparing for trial.[2]

On or about June 25, 2009, Hobbs filed his first Motion for Partial Summary Judgment asking the Court to rule on two of Pasdar's numerous affirmative defenses: (1) that the fair report privilege protects Pasdar's statements; and (2) that her statements were opinion and therefore not actionable. This motion has been fully briefed and is ripe for a decision.

On or about July 20, 2009, Hobbs filed his second Motion for Partial Summary Judgment asking the Court rule that he is a private figure and that, consequently, the negligence standard governs his defamation action. This motion has also been fully briefed and is ripe for a decision.

---

[2] Hobbs, on the other hand, has not deposed a single witness, has proposed only one stipulation, and seems content to simply get before a jury and "roll the dice."

On or about August 21, 2009, Pasdar filed her motion for summary judgment, which if granted would resolve all issues and result in a final judgment. This motion has also been fully briefed by the parties and is ripe for a ruling.

The November 16, 2009 fact discovery deadline has expired and all fact discovery has been concluded.

On or about October 15, 2009, the Parties filed a stipulation extending the November 16, 2009 discovery deadline for the sole and limited purpose of conducting expert-related discovery. The agreed-upon expert discovery deadline is December 15, 2009. Of course, as the Court is aware, the need and scope of any expert testimony will be impacted by the Court's rulings on the pending motions for summary judgment.

In addition to the December 15, 2009 expert deadline, the following tasks and deadlines remain in anticipation of the February trial setting:

a. November 30, 2009 – deadline for filing all motions, except motions in limine

b. December 10, 2009 – deadline to submit status report

c. January 8, 2010 – deadline to submit FED. R. CIV. P. 26(a)(3) pretrial disclosures

d. January 8, 2010 – deadline to designate deposition testimony

e. January 19, 2010 – deadline to counter-designate deposition testimony

f. January 22, 2010 – deadline to object to designation of deposition or videotape

g. January 26, 2010 – deadline to respond to deposition or videotape objections

h. January 29, 2010 – deadline to file motions in limine

i. January 29, 2010 – deadline to submit proposed jury instructions

j. February 3, 2010 – deadline to stipulate to facts not in controversy

k. February 3, 2010 – deadline to file agreement regarding jury size

Trial is currently scheduled for February 8, 2010. The parties will be required to expend considerable time, resources and money in order to meet the Court's fast-approaching deadlines.

## III.
## MOTION TO STAY

In order to conserve the Court's and the parties' resources, Pasdar respectfully requests that the Court stay this case and all upcoming deadlines until its ruling on the pending summary judgment motions. Although Pasdar has diligently pursued discovery since Hobbs filed this lawsuit, substantial work remains to be completed.

### A. Pasdar's MSJ should be granted

The Court should grant Pasdar's August 21, 2009 MSJ. Pasdar will not reargue the motion and she understands that Hobbs believes it should be denied. The briefing and evidence already before the Court speaks for itself.

### B. At a minimum, the Court's summary judgment rulings will narrow the trial issues

Hobbs' motions for partial summary judgment request rulings on a few of the same issues raised in Pasdar's MSJ. Because Pasdar and Hobbs request opposite rulings on at least some identical questions of law uniquely reserved for the Court (*e.g.* public vs. private figure), the Court's rulings will inevitably narrow and focus the issues for trial.

### C. Staying the case will conserve the Court's and the parties' resources

Fact discovery is complete; however, considerable work remains to be done to prepare this case for trial. No expert discovery has been conducted and many pre-trial tasks remain unstarted and unfinished, including those governed by the deadlines listed above. Rather than waste the parties' and the Court's resources by blindly plowing forward with expensive (and potentially unnecessary) expert discovery and trial preparation efforts, the Court should stay this case pending its summary judgment rulings.

### D. Staying the case will not prejudice any party

Staying this case pending the Court's summary judgment rulings will not prejudice any party. Rather, denying the requested stay and the corresponding request to allow the factual and legal issues to be properly narrowed prior to conducting expert discovery and preparing all pre-trial filings will prejudice the parties. Pasdar commits to work with the Plaintiff and the Court on a prompt and efficient schedule (if necessary) once the Court rules on the various motions for summary judgment. If after the Court rules on the summary judgment motions, Hobbs still has issues to present to a jury, he will quickly get his day in court as Pasdar too wants to clear her name and present the overwhelming evidence that supports both the truthfulness and lack of actual malice that surround the statements made the subject of Hobbs' claims. Common sense and judicial economy, however, dictate that the Court grant the requested stay.[3]

For the foregoing reasons, Defendant Natalie Pasdar respectfully requests that the Court stay all proceedings in this case until its ruling on the pending motions for summary judgment.

---

[3] This is not a case where an approaching trial date will facilitate a settlement. Pasdar feels compelled to advise the Court, as she has advised Hobbs, that absent the Court's granting of her MSJ, Hobbs will get his day in court as there will be no settlement.

Respectfully submitted,

/s/ Dan D. Davison
Dan D. Davison
Lead Attorney
Pro Hac Vice
ddavison@fulbright.com
D'Lesli Davis
Pro Hac Vice
ddavis@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

John E. Moore
State Bar No. 82111
john.moore@hmrmlaw.com

HUCKABAY MUNSON, ROWLETT & MOORE P.A.
Regions Center
400 W. Capital, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 374-6535
Facsimile: (501) 374-5906

COUNSEL FOR DEFENDANT,
NATALIE PASDAR, Individually, and
NATALIE PASDAR d/b/a DIXIE CHICKS.

## CERTIFICATE OF CONFERENCE

This certifies that I have spoken with counsel for Hobbs, and he has indicated that Hobbs **does not oppose** the relief requested herein. This also certifies that I have spoken with counsel for Emily Robison and Martha Seidel d/b/a Dixie Chicks, and he has indicated that his clients **agree** with the relief requested herein.

/s/ Dan D. Davison
Dan D. Davison

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 17th day of November, 2009.

| Bob Wellenberger<br>THOMPSON, COE, COUSINS & IRONS, L.L.P.<br>700 North Pearl Street<br>Plaza of the Americas, Twenty-Fifth Floor<br>Dallas, Texas 75201-2832 | J. Cody Hiland<br>HILAND, DAVIES & THOMAS, PLLC<br>609 Locust Avenue<br>Conway, Arkansas 72034 |
|---|---|

/s/ Dan D. Davison
Dan D. Davison